UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

VERNAIL BLOUNT,                                    Case No. 15-CV-5599-PKC-JO

                Plaintiff,                     **AMENDED COMPLAINT**

                                                 **JURY TRIAL DEMANDED**

          -against-

Detective MICHAEL KELLY, Shield No.
935104; Detective PETER BOHRINGER, Tax
No. 915326; Police Officer AARON LOHMAN,
Shield No. 7378; Police Officer ERIK NELSON
Tax No. 942266, individually and in their official
capacities,

                Defendants.

---------------------------------------------------------X

## NATURE OF THE ACTION

1.      This is an action to recover monetary damages arising out of the violation
of Plaintiff's rights under the Constitution of the United States and the laws of the State of
New York.

## PRELIMINARY STATEMENT

2.      Plaintiff VERNAIL BLOUNT ("Plaintiff") brings this action for
compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§
1983, 1988 for the wrongful acts of defendants DET. MICHAEL KELLY (Tax # 935104),
DET. PETER BOHRINGER (Tax # 915326), P.O. AARON LOHMAN (Shield # 7378),
and P.O. ERIK NELSON (Tax # 942266), all acting under color of state law and pursuant
to their authority, in violation of Plaintiff's rights under the Constitution and laws of the
United States and the State of New York.

1

3.      As described below, Plaintiff has been subjected to numerous false arrests and other constitutional and New York State law violations by New York City Police Department ("NYPD") officers at the 113th Precinct during five (5) separate incidents.

4.      Plaintiff was singled out by Defendants, who, without probable cause or reasonable suspicion, made his home a regular stop on their patrols, engaging in a continual pattern of harassment in violation of Plaintiff's constitutional rights.

## JURISDICTION AND VENUE

5.      This action seeks redress for violation of Plaintiff's constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and laws of the State of New York.

6.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

8.      This Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

9.      Plaintiff demands a trial by jury in this action.

## PARTIES

10.      Plaintiff is a resident of Queens County in the City and State of New York.

11.      Defendants Detective MICHAEL KELLY, Tax No. 935104 ("KELLY"), Detective PETER BOHRINGER, Tax No. 915326 ("BOHRINGER"), Police Officer AARON LOHMAN, Shield No. 7378 ("LOHMAN"), and Police Officer ERIK NELSON,

Tax No. 942266 ("NELSON"), at all times relevant herein, were officers, employees, and agents of the NYPD. Defendants are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

### Incident #1

13.     On or about August 11, 2012, at approximately 2:50 p.m., Plaintiff was lawfully present outside of his home at 188-03 Hilburn Avenue in Queens County, New York 11412.

14.     Several NYPD officers, including Defendant P.O. ERIK NELSON (Tax # 942266), approached Plaintiff.

15.     Without any probable cause or reasonable suspicion, Defendant P.O. ERIK NELSON searched Plaintiff's person and vehicle. Defendant P.O. ERIK NELSON alleged that he recovered eighty (80) dollars in United States currency from Plaintiff's person.

16.     Defendant P.O. ERIK NELSON falsely alleged that he recovered two (2) plastic bags containing marijuana from the driver's side floor of a four-door sedan parked in Plaintiff's driveway, claiming that the alleged contraband was in open view from the officer's vantage point on a public street.

17.     Still without any probable cause or reasonable suspicion, Defendant P.O. ERIK NELSON handcuffed and arrested Plaintiff, claiming that he was involved in an alleged drug transaction.

18.     Defendant P.O. ERIK NELSON transported Plaintiff to the NYPD 113th Precinct.

19.     At the precinct, Defendant P.O. ERIK NELSON and other NYPD officers again searched Plaintiff's person, which yielded no contraband.

20.     After processing Plaintiff, Defendant P.O. ERIK NELSON and other NYPD officers transported him to Central Booking to await arraignment.

21.     Plaintiff was arraigned under docket number 2012QN043459, based on a criminal complaint signed by Defendant P.O. ERIK NELSON.

22.     This criminal complaint contained false allegations against Plaintiff, and charged Plaintiff with several misdemeanors.

23.     Plaintiff was forced to defend himself against these baseless charges until all charges were dismissed in his favor on April 10, 2013.

24.     In an order following a pre-trial suppression hearing, Judge Michelle Armstrong found that Defendant P.O. ERIK NELSON's professed justifications for arresting Plaintiff were "pretextual" and concluded that there was no probable cause for the arrest.

25.     As a result of these violations of his civil rights by Defendant P.O. ERIK NELSON, Plaintiff was subjected to the humiliation of being questioned by NYPD officers in full public view, was arrested, handcuffed, and detained in front of his family and peers, was unlawfully imprisoned, and was marked with the stigma of being charged with selling drugs, all of which resulted in damage to his esteem and reputation within his community.

26.     Despite the baselessness and unlawfulness of the arrest carried out by Defendant P.O. ERIK NELSON, this arrest was subsequently used as the basis for listing Plaintiff's home address on an NYPD Tactical Plan.

27.     This Tactical Plan was used as the pretext for regular, repeated visits by

NYPD officers, including Defendants Kelly, Bohringer, and Lohman, to Plaintiff's home, constituting a pattern of harassment that resulted in several more false arrests.

<u>**Incident #2**</u>

28.     On or about September 28, 2012, at approximately 5:30 p.m., Plaintiff was lawfully present outside of his home at 188-03 Hilburn Avenue in Queens County, New York 11412.

29.     Several NYPD Officers, including Defendant P.O. AARON LOHMAN (Shield # 7378), approached Plaintiff.

30.     Without any probable cause or reasonable suspicion, Defendant P.O. AARON LOHMAN searched Plaintiff's person and his vehicle.

31.     Defendant P.O. AARON LOHMAN falsely alleged that he recovered one (1) bag containing marijuana from the passenger seat of Plaintiff's vehicle on top of a compact disc case.

32.     Defendant P.O. AARON LOHMAN handcuffed and arrested Plaintiff.

33.     Defendant P.O. AARON LOHMAN transported Plaintiff to the NYPD 113th Precinct.

34.     Plaintiff's person was searched again at the precinct.

35.     After being processed at the precinct, Plaintiff was transported to Central Booking to await arraignment.

36.     Plaintiff was arraigned under Docket Number 2012QN052382, based on a criminal complaint signed by an NYPD officer and relying upon supporting documents from Defendant P.O. AARON LOHMAN.

37.     This criminal complaint contained false allegations against Plaintiff made

by Defendant P.O. AARON LOHMAN and charged Plaintiff with a misdemeanor.

38.      All charges were dismissed in Plaintiff's favor on April 10, 2013.

39.      As a result of these violations of his civil rights by Defendant P.O. AARON LOHMAN, Plaintiff was subjected to the humiliation of being questioned by NYPD officers in full public view, was arrested, handcuffed, and detained in front of his family and peers, was unlawfully imprisoned, and was marked with the stigma of being falsely charged with a crime, all of which resulted in damage to his esteem and reputation within his community.

**Incident #3**

40.      On or about June 8, 2013, at approximately 4:00 p.m., Plaintiff was lawfully present outside of his home at 188-03 Hilburn Avenue in Queens County, New York 11412, with his son.

41.      Several NYPD officers dressed in plainclothes, including Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER, approached Plaintiff, who was sitting in a vehicle that was lawfully parked in front of his home.

42.      Without any probable cause or reasonable suspicion, Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER searched Plaintiff's person and vehicle.

43.      Defendant DET. MICHAEL KELLY falsely alleged that he recovered sandwich bags containing approximately two (2) ounces of marijuana from the floor of the vehicle, as well as three hundred ninety-eight ($398) dollars in United States currency from Plaintiff's pants pocket.

44.      Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER

handcuffed and arrested Plaintiff.

45.    Next, without any justification or provocation, Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER proceeded to punch and kick Plaintiff while Plaintiff was handcuffed and on the ground.

46.    Plaintiff's son observed this gratuitous and violent beating of his father by police officers, which caused Plaintiff to suffer great emotional trauma, knowing that his son was witnessing it.

47.    This beating left Plaintiff with an injured left arm, and bruises and cuts about his body and face.

48.    Defendant NYPD officers placed Plaintiff into a van and transported him to the NYPD 113th Precinct.

49.    Plaintiff's person was searched again at the precinct, which again yielded no contraband.

50.    While Plaintiff was being kept in a cell at the precinct, Plaintiff called for help, requesting medical attention for his injuries.

51.    In response, several NYPD officers, including Defendant DET. MICHAEL KELLY, entered Plaintiff's cell and began beating him.

52.    During this time, the NYPD officers, including Defendant DET. MICHAEL KELLY, placed Plaintiff in a body bag and continued to beat him until he became unconscious.

53.    Only after this further beating did Defendant DET. MICHAEL KELLY and the other NYPD officers have Plaintiff taken to the hospital.

54.    Plaintiff was arraigned under docket number 2013QN031722, based on a

criminal complaint signed by Defendant DET. MICHAEL KELLY.

55.     This criminal complaint contained false allegations against Plaintiff, including that Plaintiff was in possession of marijuana and had resisted arrest, and charged Plaintiff with several misdemeanors.

56.     Following arraignment, bail was set and Plaintiff was remanded to a State correctional facility for approximately two weeks before bail was posted and Plaintiff was finally released from custody.

57.     Plaintiff was forced to defend himself against these baseless charges until all charges were dismissed in his favor on April 16, 2015.

58.     As a result of these violations of his civil rights by Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER, Plaintiff was subjected to the humiliation of being questioned by NYPD officers in full public view, was arrested, handcuffed, and detained in front of his family and peers, was unlawfully imprisoned, and was marked with the stigma of being falsely charged with a crime, all of which resulted in damage to his esteem and reputation within his community.

**<u>Incident #4</u>**

59.     On or about July 5, 2013, at approximately 3:15 pm, Plaintiff was lawfully driving his motorcycle near his home at 188-03 Hilburn Avenue in the County of Queens, New York 11412.

60.     Without any provocation from Plaintiff, an NYPD van containing Defendant DET. MICHAEL KELLY and other NYPD officers struck Plaintiff, causing him to fall from his motorcycle and forcefully hit the pavement.

61.     At the time of this incident, Plaintiff was wearing a soft cast as a result of

8

an arm injury that NYPD officers, including Defendant DET. MICHAEL KELLY, had caused during the June 8, 2013 arrest described above as Incident #3.

62.     As a result of being struck by the NYPD van, Plaintiff suffered a shoulder injury on his previously injury arm.

63.     Then, without any probable cause or reasonable suspicion, Defendant DET. MICHAEL KELLY handcuffed and arrested Plaintiff.

64.     NYPD officers searched Plaintiff's person and found no contraband.

65.     Defendant DET. MICHAEL KELLY falsely alleged that he recovered one (1) plastic bag containing marijuana from the center console of a green Pontiac parked in Plaintiff's driveway.

66.     Defendant DET. MICHAEL KELLY placed Plaintiff in the NYPD van and transported him to the 113th Precinct.

67.     Plaintiff was processed at the precinct, where another search of Plaintiff's person produced no contraband.

68.     After being processed at the precinct, Plaintiff was transported to the Emergency Department at Queens Hospital Center in Jamaica, New York, where he received treatment for his shoulder injury, which had been aggravated by the impact from the NYPD van.

69.     Still lacking reasonable suspicion or probable cause, Defendant DET. MICHAEL KELLY transported Plaintiff to a Central Booking facility to await arraignment.

70.     Plaintiff was arraigned under docket number 2013QN037106, based on a criminal complaint containing false allegations against Plaintiff signed by Defendant DET.

MICHAEL KELLY.

71.     Plaintiff was falsely charged with PL 221.40 (Criminal Sale of Marijuana in the Fourth Degree); PL 221.10-1 (Criminal Possession of Marijuana in the Fifth Degree); PL 205.30 (Resisting Arrest); and PL 110/215.40-2 (Attempting to Tamper with Physical Evidence).

72.     Following arraignment, having been unjustly detained and deprived of his liberty, between forty-eight (48) and seventy-two (72) hours, Plaintiff was released from custody.

73.     On April 16, 2015, all criminal charges against Plaintiff were dismissed in Plaintiff's favor.

74.     As a result of these violations of his civil rights by Defendants, Plaintiff was subjected to the humiliation of being questioned by NYPD officers in full public view, was, injured, arrested, handcuffed, and detained in front of his family and peers, was unlawfully imprisoned, and was marked with the stigma of being falsely charged with a crime, all of which resulted in damage to his esteem and reputation within his community.

## Incident #5

75.     On or about August 16, 2013, at approximately 5:00 pm, Plaintiff was lawfully present near his home at 188-03 Hilburn Avenue in Queens County, New York 11412.

76.     Plaintiff was walking to a local nursing home to visit his mother on the occasion of her birthday.

77.     NYPD officers, including Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER, approached Plaintiff.

78.     Without any probable cause or reasonable suspicion, Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER handcuffed Plaintiff and took him into custody.

79.     An NYPD officer searched Plaintiff's person but found no contraband.

80.     Nevertheless, Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER placed Plaintiff in an NYPD van and transported him to the 113th Precinct.

81.     This false arrest caused Plaintiff to suffer emotional distress, particularly because he had been en route to visit his mother when Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER took Plaintiff into custody.

82.     At the 113th Precinct, Plaintiff was subjected to another search of his person, which again yielded no contraband.

83.     Despite the lack of contraband on Plaintiff's person, Defendants DET. MICHAEL KELLY and DET. PETER BOHRINGER transported Plaintiff to a Central Booking facility to await arraignment.

84.     Plaintiff was arraigned under docket number 2013QN045926, based on a criminal complaint containing false allegations against Plaintiff signed by Defendant DET. BOHRINGER.

85.     Plaintiff was falsely charged with PL 221.40 (Criminal Sale of Marijuana in the Fourth Degree).

86.     Following arraignment, Plaintiff was remanded to a State Correctional facility, where he was unjustly detained for approximately five (5) to six (6) days before being released.

87.     On April 16, 2015, all criminal charges against Plaintiff were dismissed in

11

Plaintiff's favor.

88.     Within ninety days after the claims alleged in this Complaint arose, a written notice of claim was filed at the Comptroller's Office.

89.     At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

90.     This action has been commenced within one (1) year and ninety (90) days after the happening of the events upon which the claims are based.

91.     As a result of these violations of his civil rights by Defendants, Plaintiff was subjected to the humiliation of being questioned by NYPD officers in full public view, was arrested, handcuffed, and detained in front of his family and peers, was unlawfully imprisoned, and was marked with the stigma of being falsely charged with a crime, all of which resulted in damage to his esteem and reputation within his community.

## CAUSES OF ACTION

### FIRST CLAIM
**Deprivation of Federal Civil Rights**
**(Against All Defendants)**

92.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

93.     All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

94.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

12

95.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

96.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his or her respective municipality or authority that is forbidden by the Constitution of the United States.

97.     By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

98.     By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

99.     Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

100.    As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

**SECOND CLAIM**
**Malicious Prosecution under 42 U.S.C. § 1983 relating to Incident #1**
**(Against Defendant Nelson)**

101.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

102.    In connection with the August 11, 2012 arrest, Defendant Nelson initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the

13

criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

103.    The criminal charges against Plaintiff were terminated in his favor.

104.    Defendant Nelson carried out all of the aforementioned acts under color of state law.

105.    Defendant Nelson's unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free of malicious prosecution, for which Defendant Nelson is individually liable.

106.    As a result of Defendant Nelson's malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendant Nelson's unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

**THIRD CLAIM**
**Intentional Infliction of Emotional Distress relating to Incident #1**
**(Against Defendant Nelson)**

107.    Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

108.    Defendant Nelson's unlawful conduct in connection with the August 11, 2012 arrest, including the violations of Plaintiff's constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

109.    Defendant Nelson acted intentionally in his unlawful conduct.

110.   Defendant Nelson's conduct was the direct and proximate cause of the harm to Plaintiff.

111.   Plaintiff suffered and continues to suffer physical injury and emotional distress.

## FOURTH CLAIM
### False Arrest under 42 U.S.C. § 1983 relating to Incident #2
### (Against Defendant Lohman)

112.   Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

113.   Plaintiff was subjected to an illegal, improper and false arrest by Defendant Lohman on September 28, 2012 and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted in criminal proceedings, without any probable cause, privilege, or consent.

114.   As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints without probable cause.

115.   As a direct and proximate result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of his community. Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

116.   The acts of Defendant Lohman were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

15

**FIFTH CLAIM**
**Malicious Abuse of Process under 42 U.S.C. § 1983 relating to Incident #2**
**(Against Defendant Lohman)**

117.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

118.     In connection with the September 28, 2012 arrest, Defendant Lohman employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

119.     Defendant Lohman acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, or prosecution.

120.     Defendant Lohman undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the stop-and-frisk and arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff, for whom there is no reasonable suspicion or probable cause pertaining to any alleged criminal activity.

121.     The criminal charges against Plaintiff were terminated in his favor.

122.     As a result of Defendant Lohman's unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

**SIXTH CLAIM**
**Malicious Prosecution under 42 U.S.C. § 1983 relating to Incident #2**
**(Against Defendant Lohman)**

16

123.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

124.    In connection with the September 28, 2012 arrest, Defendant Lohman initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

125.    The criminal charges against Plaintiff were terminated in his favor.

126.    Defendant Lohman carried out all of the aforementioned acts under color of state law.

127.    Defendant Lohman's unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free of malicious prosecution, for which Defendant Lohman is individually liable.

128.    As a result of Defendant Lohman's malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendant Lohman's unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

## SEVENTH CLAIM
### Illegal Stop and Frisk under 42 U.S.C. § 1983 relating to Incident #2
### (Against Defendant Lohman)

129.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs

17

above as if fully set forth herein.

130.    Plaintiff was subjected to an illegal and improper stop-and-frisk by Defendant Lohman in connection with the September 28, 2012 arrest without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover, this stop-and-frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

131.    As a direct and proximate result of such acts, Defendant Lohman deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

132.    As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, as well as mental anguish, embarrassment, and humiliation.

133.    The acts of Defendant Lohman were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

**EIGHTH CLAIM**
**Intentional Infliction of Emotional Distress relating to Incident #2**
**(Against Defendant Lohman)**

134.    Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

135.    Defendant Lohman's unlawful conduct in connection with the September 28, 2012 arrest, including the violations of Plaintiff's constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

136.    Defendant Lohman acted intentionally in his unlawful conduct.

137.    Defendant Lohman's conduct was the direct and proximate cause of the harm to Plaintiff.

138.     Plaintiff suffered and continues to suffer physical injury and emotional distress.

## NINTH CLAIM
### False Arrest under 42 U.S.C. § 1983 relating to Incident #3
### (Against Defendants Kelly and Bohringer)

139.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

140.     Plaintiff was subjected to an illegal, improper and false arrest by Defendants Kelly and Bohringer on June 8, 2013 and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted in criminal proceedings, without any probable cause, privilege, or consent.

141.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints without probable cause.

142.     As a direct and proximate result of his false arrest, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of his community. Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

143.     The acts of Defendants Kelly and Bohringer were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

## TENTH CLAIM
### Malicious Abuse of Process under 42 U.S.C. § 1983 relating to Incident #3
### (Against Defendants Kelly and Bohringer)

144.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

145.     In connection with the June 8, 2013 arrest, Defendants Kelly and Bohringer employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

146.     Defendants Kelly and Bohringer acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, or prosecution.

147.     Defendants Kelly and Bohringer undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the stop-and-frisk and arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff, for whom there is no reasonable suspicion or probable cause pertaining to any alleged criminal activity.

148.     The criminal charges against Plaintiff were terminated in his favor.

149.     As a result of Defendants Kelly and Bohringer's unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

## ELEVENTH CLAIM
### Malicious Prosecution under 42 U.S.C. § 1983 relating to Incident #3
### (Against Defendants Kelly and Bohringer)

150.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs

20

above as if fully set forth herein.

151.    In connection with the June 8, 2013 arrest, Defendants Kelly and Bohringer initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

152.    The criminal charges against Plaintiff were terminated in his favor.

153.    Defendants Kelly and Bohringer carried out all of the aforementioned acts under color of state law.

154.    Defendants Kelly and Bohringer unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free of malicious prosecution, for which Defendants Kelly and Bohringer is individually liable.

155.    As a result of Defendants Kelly Bohringer's malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants Kelly and Bohringer's unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

## TWELFTH CLAIM
### Illegal Stop and Frisk under 42 U.S.C. § 1983 relating to Incident #3
### (Against Defendants Kelly and Bohringer)

156.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

157.    Plaintiff was subjected to an illegal and improper stop-and-frisk by Defendants Kelly and Bohringer in connection with the June 8, 2013 arrest without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover, this stop-and-frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

158.    As a direct and proximate result of such acts, Defendants Kelly and Bohringer deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

159.    As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, as well as mental anguish, embarrassment, and humiliation.

160.    The acts of Defendants Kelly and Bohringer were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

### THIRTEENTH CLAIM
**Excessive Force under 42 U.S.C. § 1983 relating to Incident #3**
**(Against Defendants Kelly and Bohringer)**

161.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

162.    The degree of force Defendants Kelly and Bohringer used against Plaintiff in connection with the June 8, 2013 arrest, as described herein, was excessive, unreasonable, unwarranted, and without justification.

163.    Defendants Kelly and Bohringer's actions as described herein were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable, and unprovoked.

164.     As a result of Defendants Kelly and Bohringer's excessive force and brutality, Plaintiff has suffered severe physical pain from injuries including, but not limited to, arm and shoulder injuries, contusions, and bruising and swelling about his body.

165.     The aforementioned acts of Defendants Kelly and Bohringer constituted excessive force in violation of the Constitution of the United States, which is actionable under 42 U.S.C. § 1983, and for which Defendants Kelly and Bohringer are individually liable.

## FOURTEENTH CLAIM
**Deliberate Indifference to Plaintiff's Serious Medical Condition in Violation of the United States Constitution relating to Incident #3**
**(Against Defendants Kelly and Bohringer)**

166.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

167.     In connection with the June 8, 2013 arrest, Defendants Kelly and Bohringer acted with deliberate indifference to Plaintiff's serious medical needs by, among other things, ignoring objective evidence of Plaintiff's serious need for medical care and unduly delaying Plaintiff medical treatment and causing Plaintiff to experience undue suffering and the threat of residual injury.

168.     Defendants Kelly and Bohringer consciously disregarded the serious medical risk posed by Plaintiff's injuries by, among other things, unreasonably delaying essential emergency treatment.

169.     As a consequence thereof, Plaintiff has been injured.

## FIFTEENTH CLAIM
**Intentional Infliction of Emotional Distress relating to Incident #3**
**(Against Defendants Kelly and Bohringer)**

23

170.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

171.     Defendants Kelly and Bohringer's unlawful conduct in connection with the June 8, 2013 arrest, including the violations of Plaintiff's constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

172.     Defendants Kelly and Bohringer acted intentionally in their unlawful conduct.

173.     Defendants Kelly and Bohringer's conduct was the direct and proximate cause of the harm to Plaintiff.

174.     Plaintiff suffered and continues to suffer physical injury and emotional distress.

**SIXTEENTH CLAIM**
**False Arrest under 42 U.S.C. § 1983 relating to Incident #4**
**(Against Defendant Kelly)**

175.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

176.     Plaintiff was subjected to an illegal, improper and false arrest by Defendant Kelly on July 5, 2013 and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted in criminal proceedings, without any probable cause, privilege, or consent.

177.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints without probable cause.

178.     As a direct and proximate result of his false arrest, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of his community. Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

179.     The acts of Defendant Kelly were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

**SEVENTEENTH CLAIM**
**Malicious Abuse of Process under 42 U.S.C. § 1983 relating to Incident #4**
**(Against Defendant Kelly)**

180.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

181.     In connection with the July 5, 2013 arrest, Defendant Kelly employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

182.     Defendant Kelly acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, or prosecution.

183.     Defendant Kelly undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the stop-and-frisk and arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff, for whom there is no reasonable suspicion or

probable cause pertaining to any alleged criminal activity.

184.   The criminal charges against Plaintiff were terminated in his favor.

185.   As a result of Defendant Kelly's unlawful acts, Plaintiff suffered numerous

violations of his constitutional rights, including deprivation of liberty following his arrest.

### EIGHTEENTH CLAIM
**Malicious Prosecution under 42 U.S.C. § 1983 relating to Incident #4**
**(Against Defendant Kelly)**

186.   Plaintiff repeats and re-alleges every allegation contained in the paragraphs

above as if fully set forth herein.

187.   In connection with the July 5, 2013 arrest, Defendant Kelly initiated

criminal proceedings against Plaintiff without probable cause or reason to believe that the

criminal charges against him could succeed and with actual malice, thereby causing

Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant

deprivation of liberty in connection therewith.

188.   The criminal charges against Plaintiff were terminated in his favor.

189.   Defendant Kelly carried out all of the aforementioned acts under color of

state law.

190.   Defendant Kelly's unlawful prosecution of Plaintiff without probable cause

and denial of associated due process rights, as described herein, violated Plaintiff's rights

under the Fourth Amendment to the United States Constitution and the laws of the State of

New York to be free of malicious prosecution, for which Defendant Kelly is individually

liable.

191.   As a result of Defendant Kelly's malicious prosecution and other unlawful

acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and

peers. Further, as a result of Defendant Kelly's unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

## NINETEENTH CLAIM
### Illegal Stop and Frisk under 42 U.S.C. § 1983 relating to Incident #4
### (Against Defendant Kelly)

192.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

193.    Plaintiff was subjected to an illegal and improper stop-and-frisk by Defendant Kelly in connection with the July 5, 2013 arrest without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover, this stop-and-frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

194.    As a direct and proximate result of such acts, Defendant Kelly deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

195.    As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, as well as mental anguish, embarrassment, and humiliation.

196.    The acts of Defendant Kelly were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

## TWENTIETH CLAIM
### Excessive Force under 42 U.S.C. § 1983 relating to Incident #4
### (Against Defendant Kelly)

197.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

27

198.     The degree of force Defendant Kelly used against Plaintiff in connection with the July 5, 2013 arrest, as described herein, was excessive, unreasonable, unwarranted, and without justification.

199.     Defendant Kelly's actions as described herein were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable, and unprovoked.

200.     As a result of Defendant Kelly's excessive force and brutality, Plaintiff has suffered severe physical pain from injuries including, but not limited to, arm and shoulder injuries, contusions, and bruising and swelling about his body.

201.     The aforementioned acts of Defendant Kelly constituted excessive force in violation of the Constitution of the United States, which is actionable under 42 U.S.C. § 1983, and for which Defendant Kelly is individually liable.

**TWENTY-FIRST CLAIM**
**Intentional Infliction of Emotional Distress relating to Incident #4**
**(Against Defendant Kelly)**

202.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

203.     Defendant Kelly's unlawful conduct in connection with the July 5, 2013 arrest, including the violations of Plaintiff's constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

204.     Defendant Kelly acted intentionally in his unlawful conduct.

205.     Defendant Kelly's conduct was the direct and proximate cause of the harm to Plaintiff.

206.     Plaintiff suffered and continues to suffer physical injury and emotional distress.

28

## TWENTY-SECOND CLAIM
### False Arrest under 42 U.S.C. § 1983 relating to Incident #5
### (Against Defendants Kelly and Bohringer)

207.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

208.    Plaintiff was subjected to an illegal, improper and false arrest by Defendants Kelly and Bohringer on August 16, 2013 and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted in criminal proceedings, without any probable cause, privilege, or consent.

209.    As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints without probable cause.

210.    As a direct and proximate result of his false arrest, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of his community. Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

211.    The acts of Defendants Kelly and Bohringer were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

## TWENTY-THIRD CLAIM
### Malicious Abuse of Process under 42 U.S.C. § 1983 relating to Incident #5
### (Against Defendants Kelly and Bohringer)

212.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

29

213.    In connection with the August 16, 2013 arrest, Defendants Kelly and Bohringer employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

214.    Defendants Kelly and Bohringer acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, or prosecution.

215.    Defendants Kelly and Bohringer undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the stop-and-frisk and arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff, for whom there is no reasonable suspicion or probable cause pertaining to any alleged criminal activity.

216.    The criminal charges against Plaintiff were terminated in his favor.

217.    As a result of Defendants Kelly and Bohringer's unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

### TWENTY-FOURTH CLAIM
**Malicious Prosecution under 42 U.S.C. § 1983 relating to Incident #5
(Against Defendants Kelly and Bohringer)**

218.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

219.    In connection with the August 16, 2013 arrest, Defendants Kelly and Bohringer initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

220.    The criminal charges against Plaintiff were terminated in his favor.

221.    Defendants Kelly and Bohringer carried out all of the aforementioned acts under color of state law.

222.    Defendants Kelly and Bohringer's unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free of malicious prosecution, for which Defendants Kelly and Bohringer are individually liable.

223.    As a result of Defendants Kelly and Bohringer's malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants Kelly and Bohringer's unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

## TWENTY-FIFTH CLAIM
### Illegal Stop and Frisk under 42 U.S.C. § 1983 relating to Incident #5
### (Against Defendants Kelly and Bohringer)

224.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

31

225.     Plaintiff was subjected to an illegal and improper stop-and-frisk by Defendants Kelly and Bohringer in connection with the August 16, 2013 arrest without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover, this stop-and-frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

226.     As a direct and proximate result of such acts, Defendants Kelly and Bohringer deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

227.     As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, as well as mental anguish, embarrassment, and humiliation.

228.     The acts of Defendants Kelly and Bohringer were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

### TWENTY-SIXTH CLAIM
**Intentional Infliction of Emotional Distress relating to Incident #5
(Against Defendants Kelly and Bohringer)**

229.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

230.     Defendants Kelly and Bohringer's unlawful conduct in connection with the August 16, 2013 arrest, including the violations of Plaintiff's constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

231.     Defendants Kelly and Bohringer acted intentionally in their unlawful conduct.

232.  Defendants Kelly and Bohringer's conduct was the direct and proximate cause of the harm to Plaintiff.

233.  Plaintiff suffered and continues to suffer physical injury and emotional distress.

## TWENTY-SEVENTH CLAIM
### Equal Protection under 42 U.S.C. § 1983
### (Against All Defendants)

234.  Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

235.  Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, and Fourteenth Amendment rights, in part because of his race, age, and gender.

236.  Without probable cause or reasonable suspicion, Defendants placed, or caused to be placed, Plaintiff's home address on an N.Y.P.D. Tactical Plan.

237.  Defendants systematically used this Tactical Plan as a pretext for returning to Plaintiff's home on a regular basis to carry out a pattern of harassment.

238.  Defendants carried out all of the aforementioned acts under color of state law.

239.  As a result of Defendants' unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

1. Compensatory damages against all Defendants, jointly and severally;

2. Punitive damages against the all Defendants, jointly and severally;

3. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

4. Such other and further relief as this Court deems just and proper.


Dated:          May 11, 2017
                New York, New York



                                        Respectfully submitted,


                                        /s/ KIM E. RICHMAN
                                        Kim E. Richman
                                        **THE RICHMAN LAW GROUP**
                                        81 Prospect Street
                                        Brooklyn, NY 11201
                                        krichman@richmanlawgroup.com
                                        212-687-8291 (telephone)
                                        212-687-8292 (facsimile)

                                        *Attorneys for Plaintiff*